The final case for argument this morning is 22-1832, U.S. v. Katana Racing. Good morning, and may it please the Court. Katana submitted prior disclosures to CBP revealing an undervaluation scheme that resulted in millions of dollars of unpaid duties. Before you get into the merits of this, can I ask you a kind of a background, just clarification, because we don't get many of these trade cases and it seems like each one of them involves a different statutory provision. The bottom line argument seems to be that they're arguing they had the right to revoke because you instituted this 1592D action. That's right, Your Honor. And they're saying, no, you were compelled to do some sort of administrative action. What's the difference? Sure, Your Honor. So I'll open up 1592, which has different procedures, and this case is proceeding under 1592D, which is an independent cause of action just for the unpaid duties. Other provisions in the statute, such as 1592C, provides for pre-penalty proceedings when a penalty is imposed. So a penalty of a certain amount and the duties would be due. And then subsections C and E also handle procedures that are required relating to penalty proceedings. What's the difference? I mean, it seems like what they're fighting for is that they should have been allowed, I mean, that won't be the consequence of this case that they win, but they otherwise, they wanted to go through the administrative procedure. That's what they thought. What advantage would that have been to them? It is extremely unclear what advantage that could have been. They benefited by CBP not imposing a penalty. A penalty proceeding would enable them to challenge the amount of the penalty to attempt to show mitigation under 19 U.S.C. 1618, but it would not affect the underlying requirement that they pay the duty. That's very clear in 1592. So they would be worse off because they would also be defending a penalty proceeding on top of a duty. What is this administrative proceeding that was referenced in the waiver? So the waiver references administrative proceedings because there were, as the appendix in this case demonstrates, there were administrative proceedings happening at CBP. They were initiated by Katana filing a prior disclosure. Now a prior disclosure is something else that's discussed in 1592C4. A prior disclosure is when an involved person discloses a violation pursuant to 1592A. So merchandise has been entered into the United States via fraud, gross negligence, or negligence. Now you'll notice that the documents in this case at the CBP level were labeled with this prior disclosure number. And so there was back and forth. There was an audit at CBP. There was an offsetting evaluation. There was an opportunity for Katana to attempt to settle and compromise its claims. There were administrative proceedings happening. You'll notice that the statute of limitations waiver does not state that they will benefit from 1592B pre-penalty proceedings. It says a much broader, more generic term that appears not just in the October 25, 2016 statute of limitations waiver that's at issue here, but also in the two prior statute of limitations waivers when no B pre-penalty proceeding was pending and also in the generic CBP waiver that is attached to the duty demand in the complaint. This generic language of an administrative proceeding is in the language of the generic CBP waiver. It doesn't have a specific term of art meaning that it always has to mean pre-penalty proceedings. And if you look to 1592D specifically, it says that a duty may be imposed regardless of whether a penalty is imposed. Do we know from the record we have here, which is not much because you just have the complaint and various things, whether Customs was pursuing an investigation that might have resulted in penalties? So, we don't know all of that, but what appears to have happened, and of course our argument out of the gate is this is at the pleading stage, all of this is beyond where the trial court should have gone, but what appears to be the case is that Katana filed these prior disclosures revealing that a 1592A violation happened. Katana, you know, the CBP went through its audits. CBP actually found that Katana, it found against Katana's importer of record theory, the court could look to appendix pages 134, 135, I believe, in one of the audits where the CBP finds against their theory as to importer of record. It finds that there's no actual support for their duty delivery paid theory, so there's these audits that happen, and then as the case continues, Katana starts arguing they don't have the ability to pay. So that's where, that could explain why CBP, this is myself speculating why we got here, and of course we're at the complaint stage, but that may be why CBP pursued the compromise negotiations and ultimately the duty alone to recover the unpaid, the loss of revenue to the United States. Go ahead. Ms. Vaughn, at the end of your brief, you ask us to reverse the judgment of the Court of International Trade and remand for further proceedings. What do you envision would be the focus of those further proceedings? In other words, what would they be getting at? So, I mean, certainly I would assume that Katana would continue to present its identity theft arguments, and the government would refute those and demonstrate that Katana was the importer of record, not only on paper, but in fact. Discovery may be necessary. In fact, Katana argues in its response brief that, and we agree summary judgment is entirely premature. There's been no discovery in this case. Didn't you ask for summary judgment? Didn't you have a cross-motion? We had a cross-motion because there were all these attachments. We were concerned that the court would convert the motion to dismiss to a motion for summary judgment in light of all the information attached to it. Okay, but you have to just follow up to Judge Shaw's question. If we, I don't, well, I'm not sure if we vacate or reverse. Do you think we should reverse? And they could still even do summary judgment when it goes back, right? I think a reversal here would not preclude anything, maybe even another motion to dismiss, I don't know. Indeed, indeed, Your Honor. There could be further summary judgment proceedings. The reversal is just on the waiver of statute of limitations, and us deciding it's a valid waiver, and the case can't be dismissed for statute of limitations. Yes, the court has multiple different options because there are multiple reversible errors here. One option would be simply to reverse because the court clearly exceeded the scope of a 12B6 analysis. We also would ask the court to correct some errors on the substantive law that the Court of International Trade made with regard to revocation theory regarding the statute of limitations. That's completely inconsistent with the court. Yeah, but that's, not that I'm disagreeing with my friend and colleague, Judge Hughes, but we're not going to, you're not asking us to decide definitively and for all time whether this was a valid revocation or not, right? Indeed not, Your Honor, no. But the court did make an error of law separate and apart from the facts by stating things like, I believe at page 28 and 44 of the court's decision, it stated that a revocation, this statute of limitations waiver can be revoked because it is not unreasonable or because it is reasonably justified. These are conclusions of law that are completely unfounded. But still for the moment we determined that the judge erred in dismissing this case for lack of jurisdiction, which is what he did. And it would go back. Presumably because it's an affirmative defense, the statute of limitations, it's not jurisdiction. Presumably in the Court of International Trade on remand, Katana would be able to assert this argument that it makes that it was promised something and hence for that reason, which it didn't get, it was entitled to revoke the waiver. Do you agree that that argument is something that could be heard if we remanded the Court of International Trade? They could make the argument. We would argue it's legally wrong and also factually wrong. Well, right. I'm not getting into that. I'm just saying on remand, if we reversed on the jurisdictional issue and sent it back for further proceedings, conceivably if Katana chose to pursue it, one of those proceedings could be its challenge to the statute of limitations. Its argument being we were entitled to revoke our waiver. Yes, they would be free to make any merits arguments including the affirmative defense of timeliness and the affirmative defense of exhaustion. They could make those arguments. But we do think it would clarify any further remand proceedings for the Court to correct the clear errors of law that the Court of International Trade made in declaring this open-ended revocation theory for statute of limitations waivers and in requiring pre-penalty proceedings when no penalty was imposed. You're saying we should give... There are certain... I think there are certain opinions in our Court which stand for the proposition where we say for the benefit of the Court and the parties on remand, we make certain statements as to the applicable law. And you're saying you would urge us to do that in this case. Yes, because there are certain errors purely of law that appear in the Court of International Trade's decision that it would be helpful to correct. Otherwise, they could shape the course of merits proceedings. But your first line of argument is simply that he was wrong on jurisdiction as a matter of law and that to reach pretty much everything else he did was way beyond the record and what he should confine himself to on 12th and 6th, right? Yes, and that is sufficient to resolve the case and require a reversal and a remand. Before I reserve the remainder of my time for rebuttal, I did have one housekeeping matter which is yesterday we learned there's a possibility that there are three documents in the appendix that may not have been in the Court of International Trade record. We've reached out to Katana's counsel and we're getting to the bottom of it. So we're not sure yet, but given that we're here today, I wanted to highlight that for the Court. But we are continuing... What pages are those documents in the... You're saying there's... What are the present page numbers in the appendix of those disputed documents? Yeah, it's appendix pages 165 to 169 and appendix pages 177 to 199. And those were not cited at all by Katana and cited only in footnotes by the government. It's not relevant to the legal arguments here that the Court erred in being a fixed jurisdictional and that the Court erred in finding facts at the 12th and 6th stage or any of the remaining legal arguments we make, but I did want to highlight that  Okay, well, I may ask a friend about it just because maybe we can elide all this substantive bureaucratic paperwork. If everybody... Well, I'll ask a friend. And if I may reserve the remainder of my time for bonus. Good morning. May it please the Court, Vidik Shah for defendant Appali Katana Racing. I know the bulk of the discussion has been about the statute of limitations waiver issue. I think the most straightforward way to resolve this case, however, is... Before you get into that, can I just ask a preliminary question? Sure, of course. Are you familiar with what Ms. Bond referred to in terms of these pages? Yeah, we don't rely on those pages, so we don't have any problem with removing them. Okay, so the Court can... Disregard them. We don't rely on those pages at all. Okay, I'm just trying to save people a lot of work if we're all agreeing on this. And it's 165 to 169 and 177 to 199. Is that your... Right. All right, thank you. I'm sorry to interrupt. I didn't want to forget about that. No problem, Your Honor. So I think statute of limitations aside, if we just put that two aside for a second, the government's third question presented is what I want to focus on. That is, that question is whether the complaint states a claim against Katana for violation of Section 1592 sufficient to survive a 12b6 motion to dismiss on the merits. But the judge didn't decide that. The judge dismissed for lack of jurisdiction. And then in the briefing that we have, the briefing by Katana says we should simply focus on the dismissal for lack of jurisdiction. And it says the judge made fulsome statements about various deficiencies in the governmental process here. So we don't have a 12b6 dismissal before us. We just have a 12b1 for lack of jurisdiction. Well, Your Honor, I realize that's what Katana's appeal brief to you said. I think the government actually has the better view of that. And the third question presented, the government pointed to three grounds for the decision below in three areas. And if you look at the judgment of the opinion, it doesn't distinguish between 12b6 and 12b1. And in fact, the judge says timeliness on page four of his opinion, dismissal pursuant to 12b1 and or 12b6. The 12b6 is for failure to state a claim in the complaint. Let me ask you this. There's this issue of Katana says they were entitled to the 12b1592b2 process, correct? And I am not pressing that argument either. I'm going to try to streamline this case. Oh, I understand. But if we disagree with Katana on that, do they lose? Only on that exhaustion argument. That's the second question presented. We're going to review that today. I want to focus on the third question presented. And this is addressed in the CIT opinion at 42 and 43. It cites Iqbal and Twombly. And it says the government's complaint is just two bare bones. And this is the argument. I think it's an important argument. It's a straightforward argument on the law. That is, does their complaints, the four corners of the complaint, put aside all the forensic evidence, anything like that. The four corners of the complaint, does it state a claim against Katana for violation of section 1592 sufficient to survive a 12b6 motion dismissed? Specifically, the four corners of this complaint fails to state a claim on the merits because it lacks any factual allegations supporting Katana's culpability. That's easy to discern here because the bare bones complaint is all of five pages. It appears, it starts at appendix page 89. Now, the underlying law is fairly clear. A section 15... Who makes this argument in your brief? It's pages 33 to 42 of our brief. It's addressing the government's third question presented. And the law is fairly clear. And this is the argument the government makes under Blum. And the law is fairly clear. A section 1592d claim must be predicated on the violation of section 1592a. Everyone agrees with that. And a violation of section 1592a requires at least negligence. Now, the government cites Blum in its brief. And that permits recovery against innocent importers. But Blum also makes clear that you still need a threshold violation of 1592a by someone. And in Blum, there was another party who had committed the fraud. And so they were able to recover against the innocent importer. By contrast, the only count in this complaint, it's all of one sentence, alleges that Katana itself violated 1592a. And that's at A93. It's a paragraph... I'm a little surprised by your argument. Can I point you to page 30 of your brief? And maybe this is why I kind of didn't want to see it. Because I thought you said on page 30, contrary to the government's assertions, the CIT did not make any appealable determination concerning 12b6 motion. You're right. The brief does say that. I think the better view is the government's view. That is, what I read at page 42 and 43 of the CIT's opinion, it clearly cites Iqbal and Twombly. Those are classic 12b6 cases. And says the complaint isn't good enough. And if you look after that, we then argue, because the government argued it, that it merits. And it starts on pages 33. What you're asking is, Mr. Chad, decide the case on a basis that the lower court didn't decide it on, number one. And number two, a basis that, on appeal, the red brief says, no, no, don't go there. Well, Your Honor, I guess my first response would be... I realize you came in after the fact here. I did. But I do think the court did decide it. And I'm going to point you specifically to appendix... Are you really sure you want us to address this? Because if we don't address it, you can renew this 12b6 motion below. But if we address it, and we determine that the complaint is sufficient, then you're out below. You've got to go through with the rest of this case. Right. Then we'd have to go to summary judgment. But I do think, Your Honor, I'm confident that you won't... that you will affirm it on the Iqbal-Twombly ground because of this complaint. It's a bare-bones complaint. If you look at it, page A89, it's a one-sentence count. That one-sentence count at 29... 29 says that Katana... Katana violated... Based on its violation of 1592A, Katana is liable for the duties. Now, a violation of 1592A requires culpability. At a minimum, negligent. So you can scour this five-page complaint to see what are the allegations of culpability against Katana underlying a violation of 1592A. All you will find is one sentence, paragraph 14. That's at 892. Okay. So the complaint starts at page 89 of the appendix. The one count, which says that Katana violated 1592A is paragraph 29 on 93. You can scour the complaint. It's only five pages. Won't take you long. The only mention of any culpability, which is a prerequisite to a 1592A violation, which is a prerequisite to a 1592D action, is paragraph 14. One conclusory sentence, it says, Katana did not exercise reasonable care to ensure that these entries for which Katana is the importer of record reflected accurate values of the merchandise. That is the sum total. Iqbal calmly tells us anything. I mean, based upon all the factual allegations in the five or six paragraphs preceding that. Well, but none of those say that Katana was culpable at all. If you look at the factual allegations in the five to six paragraphs before that, all they establish is that they were underpaid duties. That's true. They were underpaid duties. Yes. The government sees Katana as an importer of record and has a responsibility to ensure these duties weren't underpaid. And so when these entries were entered at less than the proper amount, Katana did not exercise reasonable care. That at least is an allegation of negligence, isn't it? Well, it's a conclusion. It doesn't say what more Katana could have done to do it. It doesn't let any factual basis. Remember, the only factual basis in this complaint. Let me just tell you, I think it is very unwise of you to ask me to decide whether the government's complaint states a claim under 1286 if you don't want that foreclosed below. Fair point, Your Honor. Then let me argue instead the statute of limitations waiver issue. We don't dispute that that is, in fact, not jurisdictional. So I think we're on the same page with the government there. So you agree the judge erred in dismissing for lack of jurisdiction? I think if it was a 12B1 dismissal, and I don't think the opinion is clear, that would be error. Well, he says on dismissing for lack of jurisdiction. Yes, but here's the reason why I think that that error is harmless. You can't rely, obviously, on extrinsic evidence on a 12B6 motion, which this properly should have been on the statute of limitation ground. The problem is, is that the government didn't object to reliance on that evidence at the CIT. It didn't object to it in its opening appeal brief. It's not until its appeal reply brief that it says the court improperly relied on extrinsic evidence. But it's not just waiver that I'm relying on. In their motion to dismiss response, this is at appendix page 689, footnote one. Here's what the government, and this is why I think the government didn't raise it in its opening appeal brief. It says, quote, for purposes of considering Katana's motion to dismiss and our response, we do not object to consideration of these exhibits. So the exhibits that were attached were the ones that had the correspondence back and forth with the government about how they had reached an agreement. They would get some sort of administrative process, some opportunity to contest that. The government says in its motion to dismiss response brief, in footnote one, we do not object to the district court's consideration of these exhibits. It can't not object, agree to the consideration, and then come here on appeal and say the court, hey, look, it jumped the gun and improperly considered this extrinsic evidence. The extrinsic evidence. I don't understand how that's, it sounds like the government made a legal error. They were saying we don't object to considering these for purposes of 12b-6, which it can't do. If these documents are considered, the trial court had to convert it to a summary judgment motion. It did not. Well, your honor, if that's the only error, what we were left with then is uncontroverted evidence, right? The government says we don't object to consideration of these exhibits. The court considers these exhibits, which the court reads and finds, hey, look, there was a promise made that if they're going to do this third waiver, they're going to at least get some opportunity to bring the evidence of fraud to you, and maybe you'll reconsider bringing a 592-D action or whatever, if they truly were the victim of fraud. Well, if they were, I mean, if there was fraud, if the government was going to allege fraud, they would have had to bring all this pre-penalty stuff to you. Right, not fraud by Katana. If Katana was the victim of the fraud, this administrative process. But let me ask you this. You still have the opportunity, because this is a 1582 case, right, and I'm pretty sure, I didn't get a chance to ask the government, but I'm pretty sure in a 1582 case, the government bears the burden of proof. So you can present all this evidence that you're the victimless importer, you know, all this kind of stuff, or you're the victim of fraudulent, you know, whatever, as a defense at trial, either on summary judgment, or if it goes to trial. You're not precluded from any of this. Or, as you suggested, maybe in the motion to dismiss. And you're not entitled to that during the administrative process, if it's purely a 1592D case, are you? Right, no, no, I agree. I'm not making the exhaustion. So the fact that the government suggested that they're going to allow this doesn't show that there's no legal entitlement to this anywhere, is there? Well, I guess my position would be, on the statute of limitations waiver, it would probably be a summary judgment motion, right, and we would litigate all of those things. And if you vacate and remand, obviously that's how we'll go. I just wanted to take a shot at arguing to you that, look, what the Court of International Trade did is what the government invited. It said, we don't object to consideration of these exhibits. So what was the Court of International Trade left with? It was left with no countervailing evidence, which showed, in the Court of International Trade's opinion after reviewing the documentary evidence, that, hey, look, yeah, the government said, before it brings this suit, it's going to give you a chance to say you were a victim of fraud, make your case, convince them otherwise. Instead, what happened is they got hit with the action in there, and they said, you can't procure a waiver on those grounds, have them switch positions and be stuck with it, and that's a grounds for voiding the waiver. My position is, there is no error there and you can't invite it. That's a principle of practice. You can't invite an error and then run to the appeals court and say, hey, look, the Court of International Trade jumped the gun in considering this extrinsic evidence. That should have been for summary judgment. In the government's view, I read you the passage. We don't object. Go ahead and consider this evidence. So that would be my plea to you, Your Honor. If it's not persuasive, obviously, we'll take the remand to bring any further proceedings on the statute of limitations. Mr. Shah, just one question. The promise, it's Katana's position that a promise was made to him. Is Katana's position that it was promised rule, that it was promised 1592B procedures or that it was promised some other kind of an administrative process? I think really the latter. It doesn't have to be a 1592B. What the letter says is an opportunity to make their case on the identity theft issue. Do you agree 1592B is required? I agree, Your Honor. And that's why I said I'm not going to argue that. But what clearly was promised at that meeting based on the documentary evidence, based on the CIT's finding, again, the government didn't object to consideration, is there was going to be some opportunity for them to get in front and on the identity theft, not all the procedure they have, but consideration of the underpaid entries. It did not go to the theory that they were a victim of identity theft fraud by these Chinese vendors and the custom brokers. That's what they wanted to have an opportunity for. That's why they agreed to that third statute of limitations waiver and that wasn't given to them. Thank you, Your Honor. So there were a few arguments there, so I'm going to try to summarize, I think, where we stand. It seems that Katana and the court's arguments about that as a complaint are not appropriately considered. 1592B pre-penalty procedures were not required and I did not hear Katana's counsel attempt to defend the CIT's erroneous legal statement regarding revocation of the statute of limitations waiver. So those are the bases that we ask the court to reverse, correct the CIT's erroneous analysis and send it back for any further decision on the merits. And so to be clear, that means that below 12B6 about you haven't stated a claim because you haven't sufficiently described an A violation here and either do it under 12B6 or summary judgment that they were entitled to the revocation because you broke some promise to them. I know you have arguments about why that's not factually or legally sufficient, but that's still open to the trial court to decide. Yes, this court, I think, correctly looks at the CIT's decision and says the court erroneously treated the timeliness as jurisdictional. If that was wrong, send it back. Then they would be free to potentially try again on 12B6 or proceed to discovery, go to summary judgment proceedings or potentially attempt to defend its positions at trial. I do have some arguments on the adequacy of the complaint. So briefly, first of all, it's not clear at all. It seems quite unlikely that the trial court actually engaged in this type of action. So that's the first argument that the counsel is presenting now. Second, negligence is not a fraud analysis. There's no requirement to plead it with specificity. The complaint alleges that Katana was the importer of record, importers of record under 1484 and the statute 141.1B in the regulation have an obligation of due diligence. Well, maybe we should curtail this just because we curtailed your friend in making the argument. I don't think we should just decide that either. Agreed. Yes. It was not decided by the Court of International Trade. And as to the footnote at page 689, I was just looking at that for the first time a moment ago. I don't believe that it authorized the court to engage in fact-finding at a 12B6 posture to the extent that that footnote reflects the confusion regarding a jurisdictional timeliness analysis by the government. It could also be read to simply be referring to the prior disclosure itself that were attached to Katana's motion to dismiss. So I don't think it's appropriate to make too much of that footnote. Thank you. This concludes our proceedings.